## Adelaide Brown v. Henriette Cougot and another.

A promise by a legatee to pay to a third person, on the settlement of a succession, a certain per centage on the amount of a legacy, does not authorize the latter to oppose the seizure and sale of the legacy under a *fi. fa.* taken out by a creditor of the former, on the ground that the seizure is more than sufficient to satisfy the claim, and that the sale of the legacy may cause irreparable injury to the opponent The right of third persons to oppose an execution, is confined to those cases in

which the opponent is the owner of the thing seized, or has a privilege on it. C. P. 395, 396.

The right given to a debtor to have a seizure reduced to an amount sufficient to satisfy the judgment and costs, is reserved to him alone. If he do not complain that too much has been seized, no other party can make the objection.

A legacy, being indivisible as between the debtor and creditor, without the consent of both, a portion of it only cannot be seized and sold under execution. *Per Curiam* : The executors of the estate cannot, without their consent, be compelled to pay the legacy to a number of transferrees, whether by voluntary assignment, or by legal transfers resulting from sales under execution.

The stat. of 25 March, 1831, s. 3, extended by stat. of 29 March, 1833, s. 3, to third persons obtaining injunctions to arrest the execution of a judgment between other parties, not stating from what date, nor to what time, the interest allowed on the dissolution of an injunction is to run, such interest will be allowed from the date of the injunction to that of its dissolution, as from that time the judgment creditor can proceed with his execution.

APPEAL from the Court of Probates of New Orleans, *Bermudez, J.*

*Schmidt*, for the appellant.

*Canon*, for the defendants.

MORPHY, J. The petitioner represents, that she is the transferree of an obligation in writing whereby A. Fournier, on the 23d January, 1841, promised to pay to one Victor Dijoux, on the settlement of the succession of Nicholas Girod, a dividend of ten per cent on a legacy of $20,000, to which said Fournier was entitled under the will of the deceased ; and that Henriette, the widow of the late Fauché Cougot, having obtained a judgment in the court below against Fournier for $1500, has caused the said legacy, on which the sum of $16,400 yet remains due, to be seized by the sheriff of the parish of Orleans, who has advertised the same for sale. The petitioner avers, that by seizing the whole of said legacy and other property, much more has been seized than is sufficient to pay the debt of the seizing creditor ; that if the sale be effected as advertised, she will lose her claim on said legacy ; that the sale will do her an irreparable injury without its being at all necessary to protect the rights of the seizing creditor ; that by thus seizing the whole of said legacy, the widow of Cougot has seized the right of the petitioner to two thousand dollars therein, which she was not authorized to do, inasmuch as a part thereof was sufficient to satisfy her claim.

She concludes by praying that an injunction may issue to the widow of Fauché Cougot, and to the sheriff, to restrain them from selling such portion of said legacy as may be necessary to cover her interest ; that the legacy may be appraised ; and the seizure thereof reduced to an amount sufficient to satisfy the claim of Madame Cougot, &c. The injunction prayed for was granted by the judge, who afterwards, on the trial of the case, dissolved it, and decreed the plaintiff in injunction, and her surety to pay ten per cent interest per annum on the amount of the judgment enjoined, from the date of the injunction until paid, and $150 as special damages. From this judgment the present appeal was taken.

The right of third persons to oppose an execution, is limited to cases where the person making the opposition is the owner of the thing seized, or has a privilege on it. Code of Pract. arts. 395, 396. 3 La. 495. The obligation of Fournier is only a promise or engagement on his part to pay a certain sum of money on a certain contingency. It did not transfer or assign to Dijoux any portion of the legacy he expected to receive from the succession of Nicholas Girod ; but his receiving such legacy on the settlement of the estate, was made the condition of his obligation to pay the stipulated per centage, which was to become exigible only on such amount as he should actually receive. The plaintiff, therefore, as the transferree of this obligation, was without any right to interfere with the seizure made by the widow of Fauché Cougot, under her judgment against Fournier. The right given to the debtor to have the seizure reduced to an amount sufficient to satisfy the judgment and costs, is reserved by law to him alone. If he does not complain that too much property has been seized to satisfy the debt, no other party, we apprehend, can step in between him and his creditor, and make the objection. But even were it admitted that the plaintiff could exercise this right of her debtor, it would not avail her, as the thing seized in the present case cannot be sold by parcels. This legacy is a debt due by the heirs of Nicholas Girod, after the debts of the testator shall have been paid. They, or the executors of the estate, cannot, without their consent, be compelled to pay this claim to a number of transferrees, whether by

voluntary assignments or by legal transfers resulting from sales under execution. The sheriff must sell the credit or debt, which we have repeatedly held is indivisible, as between the debtor and creditor, without the consent of both. 5 Mart. N. S. 193. 6 La. 90. 8 La. 635. 3 Robinson, 432. The judge below, therefore, properly dissolved the injunction ; but in our opinion he erred in decreeing that the interest to be paid by the plaintiff in injunction, and her surety should run from the date of the injunction until the judgment be paid. The law of the 25th of March, 1831, which by a subsequent enactment is made to extend to third persons obtaining injunctions to arrest the execution of a judgment between other parties, does not state from what date, nor up to what time, the interest is to run. In relation to such third persons, the most reasonable conclusion we can come to, is, to make the interest run only up to the date of the dissolution of the injunction, as from that time the judgment creditor is at liberty to proceed with his execution as if no injunction had been taken. Were it otherwise, the plaintiff in injunction, who does not owe the amount of the judgment, would have to pay interest on it, as long as it should remain unsatisfied ; and if it was never satisfied, he would have nothing to pay, as there would be no time up to which the interest could be calculated. The record exhibits no evidence whatever of any special damages sustained by the judgment creditor.

It is, therefore, ordered, that the judgment of the Court of Probates be so amended as to give no special damages, and to allow interest only from the date of the injunction up to the time of its dissolution, and that the said judgment be affirmed in all other respects, the appellee to pay the costs of this appeal.